CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 07 2007
JOHN F. CORCORAN
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS,<br><br>                          *Plaintiff*<br><br>v.<br><br>PACEL CORPORATION, *et al.*,<br><br>                         *Defendant.* | CASE NO. 3:07-CV-00025<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' May 18, 2007 Motion To Dismiss Counts Two and Three. The individual defendants argue that, acting as directors and officers of a publicly traded corporation, they cannot be sued for interfering with the corporation's contract. All defendants claim that an injunction is not an appropriate remedy. For the reasons given below, the motion is GRANTED.

## I. BACKGROUND

Plaintiff is a former Chairman of the Board for Pacel Corporation, a publicly traded company. In July 2005, he left his post as an officer and director, but was retained as a consultant to the Board of Directors in a written contract dated July 1, 2005. On December 21, 2006, this contract was unilaterally terminated by Defendant Pacel, which at that time ceased all payments to Plaintiff and third parties which it had been making under the contract. Plaintiff sued, alleging breach of contract and tortious interference with contract by the directors and officers who made the decision to terminate. He also moved for a preliminary and permanent

injunction ordering Pacel to resume payments.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, No. 05–1126, 2007 WL 1461066, at *8 (U.S. May 21, 2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted) (footnote call number omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 14. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 2036 (2007)

## III. DISCUSSION

*a) Tortious Interference*

The principles of law at issue here are straightforward. A party cannot, as a matter of law, interfere with its own contract. *Fox v. Deese*, 234 Va. 412, 427, 362 S.E.2d 699, 708 (Va. 1987). Agents of a disclosed party, because they act on that party's behalf, are also unable to interfere so long as they remain within the scope of their agency. *Id.* In that case, the acts and omissions of an agent are attributed to the principal, who bears sole liability for them. *House v. Kirby*, 233 Va. 197, 199, 355 S.E.2d 303, 305 (1987). Officers and directors who cast votes and make decisions on behalf of a corporation are employees, and therefore agents, of that corporation as long as they remain within their powers and duties as specified by law and their employment contract. For these reasons, the control group of a corporation cannot tortiously interfere with the corporation's contract unless they take some action thoroughly outside of the scope of their employment.

Plaintiff has failed to allege any action which is outside the scope of the ordinary director and officer's corporate duties. He alleges bad faith, malice, caprice, and willful and wanton disregard of duty, but he does not point to a single specific act which can reasonably be considered outside the scope of employment. Directors and officers are supposed to make decisions regarding employment contracts. They are supposed to examine existing agreements to ensure that their continuation is in the best interests of the shareholders. They may occasionally decide that the breach of an agreement is wiser than its continuance. They are also supposed to vote on the appropriate choice, and then take such actions as are consistent with the outcome of that vote. Plaintiff has not alleged that they did anything other than exactly that.

Plaintiff relies heavily on *Fox* to argue that an evidentiary hearing is necessary to determine whether Defendants have exceeded the scope of their employment. In *Fox*, city employees were alleged to have taken numerous strange and dishonest actions, to the detriment

of the plaintiff. 234 Va. 412, 415-21, 362 S.E.2d 699, 701-704. The Virginia Supreme Court insisted on an evidentiary hearing to determine whether, for instance, pretending to call a ticket office and order that concert tickets be put on sale immediately without actually doing so was within the scope of a city employee's job description. *Id* at 708. If not, then the employee could be held liable for tortious interference. *Id.* If so, then while this dishonesty might increase the city's legal exposure, it would not subject the employee to liability for tortious interference,[1] because as an agent of the city, its contract was his contract, and he could not interfere with it. *Id. Fox* is controlling and provides a framework for decision in this case. However, the facts pled in that case provided grounds to believe that city employees had gone outside their duties. Because no specific allegations of conduct outside the ordinary scope of corporate employment have been made here, Count Two must be DISMISSED.

*b) Preliminary Injunction*

To state a claim for injunctive relief, a plaintiff must show that he has no adequate remedy at law. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974); *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). In deciding whether to grant a preliminary injunction, I must consider (1) the likelihood of irreparable harm to Plaintiff if the injunction is denied, (2) the likelihood of harm to Defendant if the injunction is granted, (3) the likelihood that Plaintiff will succeed on the merits, and (4) the public interest. *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 193–96 (4th Cir. 1977). A court need not determine that each of these factors individually favors the movant, but rather that all four factors, considered in their "flexible interplay," favor the movant. *Id.* at 196.

---

[1] Deliberate lying could, of course, result in liability for fraud on the part of the employee, because fraud sounds in tort rather than contract.

Plaintiff seeks specific performance of his contract. However, specific performance will come, if at all, in the form of money. That is, Plaintiff seeks nothing more than a money judgment. This is the very definition of a remedy "at law." Because Plaintiff himself asks for nothing more than damages, he cannot sustain the contention that his legal remedy is inadequate. Furthermore, his argument that the lack of immediate money to pay bills and medical expenses would utterly gut the rules restricting injunctions. In each and every suit for money damages, whether sounding in contract or tort, a plaintiff would find it preferable to receive payment up front, but that preference does not state a claim for relief. Nor is the harm to Defendant trivial in this case; if Defendant resumes payments and cures the arrears in Plaintiffs various accounts, it will suffer a financial loss which cannot be reversed should Defendant prevail later on the merits.

Plaintiff points to the existence of a contract to justify the granting of a highly unusual injunction. The contract itself has not been produced in executed form, but Plaintiff represents that an exhibit to Defendant's opposition to the motion for a preliminary injunction (Ex. 2, docket # 29) contains all of the contract's terms. Setting aside the questions of authentication and proof raised by Defendant, this document does not support Plaintiff's position. It appears to be a routine employment agreement, with no terms in it which would justify the extraordinary relief of a preliminary injunction to pay money.

Count Three must therefore be DISMISSED

## IV. CONCLUSION

For the foregoing reasons, the Motion is GRANTED. Counts Two and Three are STRICKEN from the complaint. Defendants Musselman, Taylor, and Snipes are hereby DISMISSED from the action. The Motion for a Preliminary Injunction is DENIED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of

record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

August 7, 2007
Date