IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS,<br>       *Plaintiff,*<br><br>v.<br><br>PACEL CORPORATION,<br>       *Defendant.*<br><br>PACEL CORPORATION,<br>    *Counterclaim Plaintiff,*<br><br>v.<br><br>DAVID E. CALKINS,<br>F. KAY CALKINS, AND<br>DUCHESSE FARMS, LLC,<br>    *Counterclaim Defendants.* | Case No. 3:07CV00025<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on a Rule 37 motion to compel and for sanctions filed by Defendant and Counterclaim Plaintiff Pacel Corporation ("Pacel"), and on Motions to Quash Lis Pendens and for Summary Judgment filed by Counterclaim Defendant Duchesse Farms, LLC ("Duchesse Farms"). On December 21, 2007, I issued an Order granting in part and denying in part Pacel's motion and denying Duchesse Farms's motions. The purpose of this Memorandum Opinion is to set forth the reasons for that Order.

## BACKGROUND

  In March 2007, Plaintiff and Counterclaim Defendant David E. Calkins filed suit against Pacel in Virginia State court. Calkins, who is a founder and a former director, president, and CEO of Pacel Corporation, sued Pacel to enforce the terms of a severance agreement. Pacel

- 1 -

responded in May by removing the case to federal court and counterclaiming against Calkins and his wife, F. Kay Calkins, for various business torts, including self-dealing and misappropriation of corporate funds. Pacel also counterclaimed against Duchesse Farms, LLC, which holds title to the Calkins' horse farm and whose sole managing member is Kay Calkins, claiming that the horse farm is a repository of ill-gotten gains. Because Pacel seeks the imposition of a constructive trust on the counterclaim defendants' allegedly ill-gotten assets, Pacel then filed a memorandum of lis pendens against the real property that comprises the horse farm.

In July, the parties agreed to and filed a Joint Rule 26(f) Discovery Plan, by which they set a deadline of September 3, 2007 for making Rule 26(a)(1) initial disclosures and consented to the other discovery deadlines set by the Court. In August, Duchesse Farms filed a motion to quash the memorandum of lis pendens and a motion for summary judgment, and out of a several different dates that were available for the Court, the parties agreed to December 14th as the date for oral arguments. On September 4th, Pacel responded to the motions on their merits but also made a motion under Rule 56(f) to be allowed to conduct discovery in order to respond more fully to the motion for summary judgment. In this same motion, Pacel indicated that the counterclaim defendants' initial disclosures were past due.[1] On September 27th, I granted Pacel's Rule 56(f) motion and stated that "[a]ny disclosures by either party that are currently past due . . . shall be made forthwith."

On September 24th, Duchesse Farms made a motion to have its motion to quash lis pendens heard by the magistrate judge—apparently Duchesse Farms had decided that December 14th was too long to wait. In its response in opposition, Pacel again complained of the counterclaim defendants' failure to comply with their discovery obligations, including Kay Calkins and Duchesse Farms's continuing failure to make their initial disclosures despite being

---

[1] David Calkins provided his initial disclosures on September 19th, more than two weeks after the deadline.

more than 30 days past due. On October 24th, I denied the motion for a hearing before the magistrate judge and stated that I was "prepared to consider Rule 37 motions, including motions for sanctions, against any party that fails adequately to make a mandatory disclosure or respond to a request for discovery."

On October 31st, Pacel made such a Rule 37 motion based on the counterclaim defendants' failure to timely provide both their Rule 26(a) initial disclosures and their responses to Pacel's Rule 33 and Rule 34 discovery requests. Pacel asked that I enter an Order compelling all of the counterclaim defendants to immediately provide the overdue discovery. They also requested their attorney's fees and expenses incurred in making the motion. In addition, Pacel asked that I sanction Kay Calkins and Duchesse Farms by entering a default judgment against them, or in the alternative, that all of the counterclaim defendants be prohibited from supporting or opposing designated claims or defenses, or from presenting any evidence at trial that was not timely disclosed.

Pacel's motion was scheduled to be heard on December 14th, along with Duchesse Farms's motions to quash and for summary judgment. The day before the hearing, which was weeks after the time for responding had expired, David Calkins filed a response to Pacel's Rule 37 motion. The other counterclaim defendants did not file written responses. Also on the day before the hearing, and two months after they were due, Kay Calkins and Duchesse Farms responded, though far from adequately, to Pacel's Rule 33 and 34 requests for written discovery.[2] Furthermore, as of the date of the hearing, Kay Calkins and Duchesse Farms had still not made their initial disclosures.

---

[2] At the hearing, counsel for David Calkins indicated that Mr. Calkins's Rule 33 and Rule 34 responses would also have been sent to Pacel the day before the hearing, if not for a family emergency. This does not change the fact, however, that the responses would still have been two months late.

- 3 -
Case 3:07-cv-00025-NKM-BWC   Document 69   Filed 01/11/08   Page 3 of 10   Pageid#: 1094

## DISCUSSION

On December 21, 2007, I entered the Order granting in part and denying in part Pacel's Rule 37 motion and denying Duchesse Farms's motion to quash and motion for summary judgment. In stating my reasons for doing so, I will address each element of the Order in turn.

### A.

*(1) David E. Calkins, F. Kay Calkins, and Duchesse Farms, LLC (collectively "Counterclaim Defendants") are hereby ORDERED to provide Pacel Corporation with any and all past-due discovery materials, including Rule 26(a) disclosures, answers to Rule 33 interrogatories, and responses to Rule 34 requests, on or before January 11, 2008. Counterclaim Defendants are instructed that an evasive or incomplete disclosure, answer, or response, including one submitted prior to this Order, will be treated as a failure to disclose, answer, or respond unless the deficiency is remedied on or before January 11, 2008.*

Rule 37(a)(1) provides as follows: "On notice to other parties . . . a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with . . . the party failing to make disclosure or discovery in an effort to obtain it without court action." A motion to compel under Rule 37 is appropriate when a party "fails to make a disclosure required by Rule 26(a)," "fails to answer an interrogatory submitted under Rule 33," or "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed R. Civ. P. 37(a)(3)(A), (B)(iii)–(iv). Furthermore, according to Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

There is no question that the counterclaim defendants were on notice of their failure to comply with their discovery obligations prior to Pacel's filing its Rule 37 motion. Pacel twice complained of their failure in filings with the Court, and the Court responded on the record to both. Furthermore, on four separate occasions, Pacel reminded the counterclaim defendants by

letter that their discovery materials were past due. (*See* Pacel's Rule 37 Mot., Exs. A–D.) In addition, Pacel certified in its motion that it had attempted in good faith to obtain the discovery without court intervention and provided the four letters in support of its certification.

The counterclaim defendants do not dispute that at the time of Pacel's motion, they had failed to respond to Pacel's Rule 33 and Rule 34 discovery requests, and that only David Calkins had made the disclosures required by Rule 26(a). Moreover, Pacel contended at oral argument that the Rule 33 and Rule 34 written discovery given by Kay Calkins and Duchesse Farms late on the day before the hearing was, at best, incomplete. Having reviewed the provided discovery material, I am inclined to agree. Accordingly, I entered the above-stated order compelling the counterclaim defendants to provide all past-due discovery materials by January 11, 2008.

**B.**

> *(2) Pacel Corporation's request for its expenses, including attorney's fees, caused by Counterclaim Defendants' failure to comply with their discovery obligations is GRANTED to the extent that those expenses are reasonable. Accordingly, Pacel Corporation is hereby ORDERED to submit to the Court within thirty (30) days of the date of this Order an accounting of said expenses, including attorney's fees. Following Pacel Corporation's submission, the amount and apportioning of reasonable expenses to be paid by Counterclaim Defendants and/or their attorneys, as well as the deadline for payment, will be determined by the Court.*

Rule 37 provides that "[i]f [a] motion [to compel disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after the motion was—the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless circumstances exist that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Thus, "[a] rebuttable presumption exists in favor of

imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved...." 7 *Moore's Federal Practice* § 37.23.

At oral argument, the counterclaim defendants provided little excuse for their inaction and none that comes even close to showing that their near-total failure to comply with their discovery obligations was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Accordingly, I entered the above-stated order imposing an expense-shifting sanction on the counterclaim defendants, with the amount and apportioning of the sanction to be determined at a later date.

### C.

*(3) Pacel Corporation's request that Counterclaim Defendants be prohibited from supporting or opposing designated claims or defenses at trial, or that they be precluded from presenting any evidence at trial not timely disclosed, is hereby DENIED with leave to renew should Counterclaim Defendants again fail to comply with their discovery obligations.*

*(4) Pacel Corporation's request for default judgment against F. Kay Calkins and Duchesse Farms, LLC is hereby DENIED with leave to renew should Counterclaim Defendants again fail to comply with their discovery obligations.*

*(5) Counterclaim Defendants are hereby WARNED that, absent exceptional circumstances, any future failure to comply with their discovery obligations, including those set forth in this Order, will result in the entry of a default judgment against the non-complying Counterclaim Defendant.*

In addition to the rebuttable presumption favoring expense-shifting sanctions, courts have broad discretion under Rule 37 to impose other appropriate sanctions. *See* Fed. R. Civ. P. 37(b)–(d). The sanctions Pacel requests, namely "rendering a default judgment against the disobedient party," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," are explicitly made available by the Rule. Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi); *see also* Fed. R. Civ. P. 37(c)(1)(C), (d)(3). In determining whether to impose a particular sanction, however, a court must consider:

(1) whether the non-complying party acted in bad faith, (2) the prejudice suffered by the other party, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

I find that the first three factors strongly favor granting Pacel's request for a default judgment against Kay Calkins and Duchesse Farms. Their bad faith is evident from their months of blatant and total non-compliance with their discovery obligations despite numerous reminders by the Court and opposing counsel. If their obligations were unduly burdensome, they could have sought deadline extensions or other relief from the Court, but instead, without any justification, they simply remained silent and unresponsive.

In addition, the prejudice suffered by Pacel is substantial. They have undoubtedly incurred significant additional expense as a result of Kay Calkins and Duchesse Farms's non-compliance, and their ability to pursue their claims without the benefit of any discovery is severely limited. Moreover, I previously granted Pacel's Rule 56(f) motion to conduct discovery for the express purpose of enabling them to respond Duchesse Farms's motion for summary judgment. By failing to provide any discovery whatsoever, Kay Calkins and Duchesse Farms greatly hindered Pacel's ability to do so.

Finally, the need for deterrence is great when litigants behave with such gross disregard for the rules of civil procedure, the Court's orders, and the rights of other parties. If litigants routinely followed the example set by the counterclaim defendants in this case, the civil justice system would be unable to function. Indeed, the strong need for deterrence, combined with the substantial prejudice suffered by Pacel and the bad faith of Kay Calkins and Duchesse Farms, leads me to believe that default judgment is an appropriate sanction regardless of whether less drastic sanctions might be effective to induce compliance.

Nevertheless, Fourth Circuit precedent strongly suggests that it is reversible error for a district court to grant a default judgment under Rule 37 without first giving a clear warning to the disobedient party of the possibility of default judgment and an opportunity to comply with the court's orders. *See Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40–41 (4th Cir. 1995); *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 93–94 (4th Cir. 1989). Accordingly, I entered the above-stated order denying Pacel's request for default judgment against Kay Calkins and Duchesse Farms and warned all of the counterclaim defendants that, absent exceptional circumstances, any future failure to comply with their discovery obligations will result in the entry of a default judgment. In addition, because none of the counterclaim defendants timely made any disclosures or gave any discovery, precluding them from using such material in support or their claims or in opposition to Pacel's claims would likely have the same effect as a default judgment. Therefore, I also denied Pacel's request that the counterclaim defendants be prohibited from supporting or opposing designated claims or defenses at trial, or that they be precluded from presenting any evidence at trial not timely disclosed. *See 7 Moore's Federal Practice* § 37.51[3] ("In some circumstances, a preclusion sanction may be tantamount to judgment in a party's favor. In those circumstances, appellate courts require the same justification that is required for a . . . default sanction.").

### D.

*(6) Duchesse Farms, LLC's Motion to Quash Lis Pendens is hereby DENIED with leave to re-file after discovery has concluded.*

*(7) Duchesse Farms, LLC's Motion for Summary Judgment is hereby DENIED with leave to re-file after discovery has concluded.*

Although Rule 37 does not explicitly state that a court may sanction a non-complying party by denying a motion with leave to re-file, such a sanction is certainly within its spirit and is milder than many of those that are explicitly recognized. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii)–(vi) (listing as available sanctions, among others, "striking pleadings in whole or in part," "staying further proceedings until the order [to provide discovery] is obeyed," "dismissing the action or proceeding in whole or in part"); *see also* Fed. R. Civ. P. 37(c)(1)(C), (d)(3). Moreover, Rule 56(f) states that "[i]f a party opposing the motion [for summary judgment] shows by affidavit that . . . it cannot present facts essential to justify its opposition"—as did Pacel in this case—"the court may . . . deny the motion." Furthermore, the issues and evidence relating to Duchesse Farms's motions appear to be largely intertwined and inseparable. Accordingly, inasmuch as Duchesse Farms improperly and unjustifiably withheld from Pacel discovery necessary to opposing the motions to quash lis pendens and for summary judgment, it was only appropriate, both as a sanction against Duchesse Farms and in fairness to Pacel, that I entered the above-stated orders denying the motions with leave to re-file at the conclusion of discovery.

## CONCLUSION

For the foregoing reasons, I issued the December 21, 2007 Order (docket entry no. 67), which granted in part and denied in part Pacel's Rule 37 motion to compel and for sanctions, and denied Duchesse Farms's Motions to Quash Lis Pendens and for Summary Judgment.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

- 9 -
Case 3:07-cv-00025-NKM-BWC   Document 69   Filed 01/11/08   Page 9 of 10   Pageid#: 1100

ENTERED: *[signature]*
United States District Judge

*January 11, 2008*
Date