CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 25 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS, | CASE NO. 3:07CV00025 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PACEL CORPORATION, | |
| | By: B. WAUGH CRIGLER |
| Defendant, | U.S. MAGISTRATE JUDGE |
| v. | |
| PACEL CORPORATION, | |
| Counterclaim Plaintiff, | |
| v. | |
| DAVID E. CALKINS, F. KAY CALKINS, AND DUCHESSE FARMS, LLC, | |
| Counterclaim Defendants. | |

This action is before the undersigned, at this juncture, to determine the reasonableness of fees and expenses incurred by defendant and counterclaim plaintiff ("Pacel Corporation") as sanctions pursuant to the presiding District Judge's December 21, 2007 Order awarding sanctions against David E. Calkins, F. Kay Calkins, and Duchesse Farms, LLC (collectively "counterclaim defendants").[1] David E. Calkins and F. Kay Calkins ("Calkins") and Duchesse Farms, LLC ("Duchesse Farms") have filed their opposition to the reasonableness of Pacel Corporation's fees and expenses.

**BACKGROUND**

Under the parties' Joint Rule 26(f) Discovery Plan, filed with the court on July 31, 2007, the

---

[1] Having determined that the apportionment of fees and expenses among the counterclaim defendants and their counsel, at this time, could create a conflict of interest, the undersigned will be revisit this issue, and set a deadline for the payment of the award, once the substantive issues in this case have been resolved.

parties agreed to make their Rule 26(a)(1) disclosures by the close of business on September 3, 2007. (Dkt. No. 34, p. 2.) On October 31, 2007, Pacel Corporation filed a Rule 37 motion for default judgment, motion to compel, and other Rule 37 sanctions. (Dkt. No. 57.) At the time the motion was filed, F. Kay Calkins and Duchesse Farms had not made initial disclosures, and David E. Calkins' disclosures had been provided more than two weeks late. (Dkt. No. 58, p. 2.)

Following oral argument, the presiding District Judge issued an Order on December 21, 2007 granting, in part, and denying, in part, Pacel Corporation's motion. (Dkt. No. 67.) The Order directed Pacel Corporation to provide the court with an accounting of reasonable fees and expenses incurred as a result of the counterclaim defendants' failure to comply with their discovery obligations. (Dkt. No. 67, p. 2.) The Order provided that the court would determine the amount of reasonable fees and expenses, determine how the fees and expenses would be apportioned among the counterclaim defendants and/or their counsel, and set a deadline for payment. (*Id.*)

On January 11, 2008, Pacel Corporation's counsel, the law firm of Hirschler Fleischer, P.C. submitted a Verified Accounting ("Accounting") of their attorneys' fees in the amount of $23,498.60.[2] (Dkt. No. 68.) The counterclaim defendants filed objections, which, when summarized, assert that: (1) Pacel Corporation generated unnecessary fees and expenses when they "jumped the gun" by filing the rule 37 motion for default judgment, motion to compel, and other Rule 37 sanctions on October 31, 2007; (2) Pacel Corporation's counsel already was scheduled to appear before the court on December 14, 2007 on other motions; (3) time spent at the December 14, 2007 hearing on the discovery matters was minor, as the counterclaim defendants offered no excuses for their failure to comply with their discovery obligations except to explain the difficulty in responding to discovery; (4)

---

[2] Attached to this Accounting was a Narrative from Invoice ("Invoice") which detailed the work done by counsel. (Dkt. No. 68, Exh. A.) Pacel Corporation does not claim any expenses apart from counsel fees.

2

Pacel Corporation had expended minimal time and effort preparing for trial at that time, as it had not received any discovery responses; (5) specific charges contained in the Accounting are excessive, unnecessary, unreasonable, and not related to any discovery failures; and (6) Pacel Corporation should not be awarded fees for work by more than one attorney.[3] (Dkt. Nos. 76, 77.)

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pacel Corporation's Invoice covers the time period from September 5, 2007 through December 14, 2007. The Invoice reflects that they are seeking compensation for 80.7 hours of work performed by attorneys which is attributable to the counterclaim defendants' failure to comply with its discovery obligations.[4]

In the undersigned's mind, the trigger point for all further discovery failures is the date the court's September 27, 2007 Order was entered. By that Order, the presiding District Judge compelled the parties to make any past due disclosures "forthwith." (Dkt. No. 49, p. 1.) Thus, the undersigned declines to consider that portion of counsel's Invoice reflecting time spent prior to September 27, 2007 and will disallow the 3.1 hours claimed during that period.

In addition, the undersigned agrees with the counterclaim defendants that some of the time under consideration here would have been spent by Pacel Corporation's counsel, irrespective of whether there was a default in discovery. Particularly, the time reflected in the counsel's Invoice between October 8, 2007 and October 22, 2007 cannot be attributed to discovery-related failures by the counterclaim defendants. This time was spent on activities associated with Pacel Corporation's

---

[3] Counterclaim defendant David E. Calkins filed objections on February 26, 2008. (Dkt. No. 76.) Counterclaim defendants F. Kay Calkins and Duchesse Farms filed separate objections with the exact same general points of contention. (Dkt. No. 77.)

[4] The undersigned notes that Pacel Corporation's counsel asserts that the Invoice already reflects what they believe is a discount in the number of hours for time not attributable to the counterclaim defendants' failure to comply with discovery.

3

retained experts, activities expected in the routine development of a case. Accordingly, 2.2 hours will be disallowed.

Time spent by Pacel Corporation's counsel from October 23, 2007 until the court imposed sanctions, however, presents a different story. This time appears to have been generated as the result of the counterclaim defendants' failure to make timely disclosures and provide responses to discovery as required by the parties' Joint Rule 26(f) Discovery Plan, the court's May 16, 2007 Pretrial Order, the Federal Rules of Civil Procedure and the court's other orders. In that connection, most of the objections raised by the counterclaim defendants to the underlying necessity for the efforts taken by Pacel Corporation's counsel in response to these failures ring hollow simply because, as the presiding Judge pointed out, the cause for such efforts by Pacel Corporation's counsel lies at the feet of the counterclaim defendants.[5] Thus, the undersigned finds that the remaining 75.4 hours were reasonably spent attempting to secure discovery compliance and will be allowed.

The hourly rates charged by Pacel Corporation's counsel range from $215 to $370. Recently, courts in this district have found $250 to be a reasonable hourly rate. *See Duncan v. GE Consumer Finance, Inc.*, 2007 WL 3275152, at *2 (W.D. Va. November 5, 2007); *Miller v. Pilgrim's Pride Corp.*, 2007 WL 2570219, at *8 (W.D. Va. August 31, 2007). Thus, the undersigned is not inclined to allow recovery at a rate higher than $250 for these discovery-related activities.

Moreover, the undersigned is concerned with how many attorneys were reasonably necessary to pursue discovery compliance, especially when there is a $155.00 per hour spread in the rates between those charged by associate level and shareholder level counsel. While a client voluntarily

---

[5]As an example, the counterclaim defendants argue that Pacel Corporation's counsel needlessly filed the motion to extend expert disclosure dates because the counterclaim defendants agreed to such. (Dkt. No. 76, p. 2, Dkt. No. 77, p. 3.) That misses the point that such extensions are not a matter of unilateral consent, for that ignores the court's interests in whether good faith efforts are being made by counsel to comply with its scheduling order.

4

might bargain for a law firm's assignment policies when it engages counsel, it is a different matter for the court when it comes to shifting fees under the sanctions provisions of Fed. R. Civ. P. 37. While, in basketball, the "three touch" rule may lead to effective scoring opportunities, such a practice raises substantial issues of reasonableness in the context of fee shifting. In other words, a party's default in providing discovery does not, *ipso facto*, expose that party to all that could be billed to a client who voluntarily engages the services of a well-stabled law firm. For these reasons, too, the undersigned concludes that $250 is a reasonably hourly rate.

Accordingly, the undersigned concludes that Pacel Corporation's counsel is entitled to compensation for 75.4 hours of work at an hourly rate of $250. An Order will enter awarding Pacel Corporation's attorneys' fees as sanctions under the Court's December 21, 2007 Order in the amount of $18,850. A hearing will be scheduled after the merits of the case have been decided to determine the apportionment of this sanction among the counterclaim defendants or their counsel, or both.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States Magistrate Judge

3/25/08
Date

5