CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 04 2008

JOHN F. CORCORAN, CLERK
BY: /s/ [signature]
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS,<br>*Plaintiff,*<br><br>v.<br><br>PACEL CORPORATION,<br>*Defendant.*<br><br>PACEL CORPORATION,<br>*Counterclaim Plaintiff,*<br><br>v.<br><br>DAVID E. CALKINS,<br>F. KAY CALKINS, AND<br>DUCHESSE FARMS, LLC,<br>*Counterclaim Defendants.* | Case No. 3:07CV00025<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Counterclaim Plaintiff Pacel Corporation's Renewed Motion for Default Judgment Against Counterclaim Defendants F. Kay Calkins and Duchesse Farms, LLC (docket #73). Pacel seeks default judgments against F. Kay Calkins ("Calkins") and Duchesse Farms, LLC ("Duchesse Farms") as Rule 37 sanctions for their ongoing failures to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure and this Court's orders. Because each of the four factors set forth in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977), strongly favors the entry of default judgment as a sanction for their non-compliance, I will grant Pacel's Renewed Motion in an Order to follow. However, to avoid the possibility of inconsistent judgments amongst counterclaim defendants who are alleged to be jointly and severally liable, I will at this time render default judgments against Kay Calkins and Duchesse Farms as to their liability only, holding in abeyance the

determination of damages and the entry of final default judgment until the question of David Calkins' liability has been resolved.

## I. BACKGROUND

In March 2007, Plaintiff and Counterclaim Defendant David E. Calkins, who is a founder and former director, president, and CEO of Pacel Corporation, filed suit against Pacel in Virginia state court to enforce the terms of a severance agreement. Pacel responded in May 2007 by removing the case to federal court and counterclaiming against David Calkins and his wife, Kay Calkins, for various business torts, including self-dealing and misappropriation of corporate funds. Pacel also counterclaimed against Duchesse Farms, which holds title to the Calkins' horse farm and whose sole managing member is Kay Calkins, claiming that the horse farm is a repository of ill-gotten gains. Because Pacel's counterclaim seeks the imposition of a constructive trust on the Counterclaim Defendants' allegedly ill-gotten assets, Pacel then filed a memorandum of lis pendens against the real property that comprises the horse farm.

In July, the parties agreed to and filed a Joint Rule 26(f) Discovery Plan, by which they set a deadline of September 3, 2007 for making Rule 26(a)(1) initial disclosures and consented to the other discovery deadlines set by the Court. In August, Duchesse Farms filed a motion to quash the memorandum of lis pendens and a motion for summary judgment. On September 4th, Pacel responded to the motions on their merits but also made a motion under Rule 56(f) to be allowed to conduct discovery in order to respond more fully to the motion for summary judgment. In this same motion, Pacel indicated that the Counterclaim Defendants' initial disclosures were past due. On September 27th, I granted Pacel's Rule 56(f) motion and ordered that "[a]ny disclosures by either party that are currently past due . . . shall be made forthwith."

On September 24th, Duchesse Farms filed a motion to have its motion to quash lis pendens heard by the magistrate judge. In its October 9th response in opposition, Pacel again complained of the Counterclaim Defendants' failure to comply with their discovery obligations, including Calkins' and Duchesse Farms' continuing failure to make their initial disclosures despite being more than 30 days past due. On October 24th, I denied the motion for a hearing before the magistrate judge and stated that I was "prepared to consider Rule 37 motions, including motions for sanctions, against any party that fails adequately to make a mandatory disclosure or respond to a request for discovery."

On October 31st, Pacel filed such a Rule 37 motion based on the Counterclaim Defendants' failure to timely provide both their Rule 26(a) initial disclosures and their responses to Pacel's Rule 33 and Rule 34 discovery requests. It asked that I enter an order compelling all of the Counterclaim Defendants to provide the overdue discovery immediately. Pacel also requested its attorney's fees and expenses incurred in making the motion. In addition, Pacel asked that I sanction Calkins and Duchesse Farms by rendering default judgments against them. Calkins and Duchesse Farms did not file responses to the Rule 37 motion.

Pacel's motion was scheduled to be heard on December 14th, along with Duchesse Farms' motions to quash and for summary judgment. The day before the hearing, and two months after they were due, Calkins and Duchesse Farms responded to Pacel's Rule 33 and 34 requests for written discovery. Their responses were by no means adequate, however, and they still had not provided their Rule 26(a) initial disclosures.

On December 21, 2007, I denied Pacel's Rule 37 motion to the extent that it sought default judgment, but did so with leave to renew should Calkins and Duchesse Farms again fail to comply with their discovery obligations. I then granted Pacel's request that I compel the

Counterclaim Defendants to provide discovery, ordering them "to provide Pacel Corporation with any and all past-due discovery materials, including Rule 26(a) disclosures, answers to Rule 33 interrogatories, and responses to Rule 34 requests, on or before January 11, 2008."[1]

On January 11th, the final day for compliance, the Counterclaim Defendants all filed notices that they had served supplemental responses to Pacel's Rule 33 and Rule 34 discovery requests. One month later, Pacel filed the instant Renewed Motion for Default Judgment, alleging that Calkins and Duchesse Farms have still not complied with their discovery obligations and are therefore in violation of the December order. On February 29th, Pacel filed a notice that the 14 days allowed under the Court's Pretrial Order for filing any opposition to a motion had passed, that Pacel's Renewed Motion was therefore properly viewed as unopposed, and that the motion was ripe for decision. Calkins and Duchesse Farms belatedly filed an "Objection" to the Renewed Motion on March 4th. Neither party requested a hearing.

## II. DISCUSSION

Pursuant to paragraph 4 of the Pretrial Order, Pacel's Renewed Motion is properly considered to be unopposed because Calkins and Duchesse Farms have not shown good cause for failing to timely file their response in opposition, which they have styled an "Objection." Given the severity of the requested sanction, however, I will excuse this failure and will consider both the motion and the objection on their merits. Doing so requires that I first determine whether Calkins and Duchesse Farms have engaged in sanctionable conduct.

---

[1] In addition, I denied Duchesse Farms' motions and granted Pacel's request for its attorney's fees and expenses. I later asked United States Magistrate Judge B. Waugh Crigler to determine the amount and the apportionment of fees and expenses amongst the counterclaim defendants and their attorneys. On March 25th, Judge Crigler ordered that Pacel shall recover from the counterclaim defendants its reasonable attorney's fees and expenses in the amount of $18,850, withholding determination of the apportionment until after the merits of the case have been decided.

- 4 -

## A. Violation of the December 21, 2007 Order

Under Rule 37(b), sanctions may be imposed "[i]f a party . . . fails to obey an order to provide or permit discovery." I entered the first such order on September 27, 2007, when I granted Pacel's Rule 56(f) Motion to Conduct Discovery and ordered that "[a]ny disclosures by either party that are currently past due . . . shall be made forthwith." On December 21, 2007, I entered a second order to provide discovery, which effectively superseded the first order. This second order compelled the Counterclaim Defendants, pursuant to Rule 37(a), "to provide Pacel Corporation with any and all past-due discovery materials, including Rule 26(a) disclosures, answers to Rule 33 interrogatories, and responses to Rule 34 requests, on or before January 11, 2008." Thus, the question is whether Kay Calkins and Duchesse Farms have complied with the December order. I find that they have not.

First, as of the date of Pacel's Renewed Motion, Calkins and Duchesse Farms had still not provided their Rule 26(a) disclosures to Pacel. Although they state in their objection that, contrary to Pacel's assertion, they "provided Pacel with their Rule 26(a) disclosures along with the Discovery Responses on December 13, 2007 and the supplement on January 11, 2008" (Countercl. Defs.' Obj. 2, Mar. 4, 2008), there is no evidence that this is true. They have not provided the Court with a copy of any such disclosures, and the copies of the December 13th and January 11th responses provided by Pacel—without any objection from Calkins or Duchesse Farms—do not contain any Rule 26(a) initial disclosures; rather, they contain only responses to Pacel's interrogatories and requests for production. (*See* Countercl. Pl.'s Mem., Exs. 1–4.) The copy of a facsimile transmission of the December 13th responses that was provided to the Court at the December 14th hearing likewise contains no initial disclosures.

To the extent that Calkins and Duchesse Farms may be trying to argue that the information that would be contained in their initial disclosures is included in their December 13th and January 11th discovery responses, the argument is without merit. For example, nowhere do they include (or state that they do not know) the address and telephone number of any "individual likely to have discoverable information . . . that [they] may use to support [their] claims or defenses," nor do they disclose "the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). Moreover, even if Calkins' and Duchesse Farms' discovery responses did contain the information that "a party must, without awaiting a discovery request, provide to the other parties," Fed. R. Civ. P. 26(a)(1)(A), the fact that such information was provided only in response to an interrogatory or request for production undermines the very purpose of required initial disclosures. *See* Fed. R. Civ. P. 26 advisory committee's notes (1993) ("A major purpose of the [1993] revision is to accelerate the exchange of basic information . . . and to eliminate the paper work involved in requesting such information . . . . [Initial disclosures are] the functional equivalent of court-ordered interrogatories."); 6 James Wm. Moore, *Moore's Federal Practice* § 26.22[4][a][i] (3d ed. 1997) ("The purpose of requiring the parties to disclose the identities of their prospective witnesses early in the litigation is to assist the other parties in deciding whom they wish to depose without the necessity of first serving multiple boilerplate interrogatories seeking this information."). Accordingly, I will not credit the objection's bare assertion that Calkins and Duchesse Farms have provided their Rule 26(a) disclosures.

Calkins and Duchesse Farms have also failed to comply with the December order in that their supplemented responses to Pacel's Rule 33 interrogatories and Rule 34 requests remain woefully inadequate. Under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully . . . . The grounds for objecting to an interrogatory must be

stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)–(4). Under Rule 34, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B)–(C).

As I warned Calkins and Duchesse Farms in the December order, "an evasive or incomplete disclosure, answer, or response . . . will be treated as a failure to disclose, answer, or respond unless the deficiency is remedied on or before January 11, 2008." *See also* Fed. R. Civ. P. 37(a)(4). Although their January 11th supplemental responses to Pacel's discovery requests are, overall, more complete that their December 13th responses, nearly all of the responses remain incomplete and/or evasive to at least some extent. The following are only a few examples of the many deficiencies in Calkins' and Duchesse Farms' responses as supplemented:

- Duchesse Farms' answers to Interrogatory Nos. 8 and 9, and Calkins answers to Interrogatory Nos. 15 and 17 state only: "This answer will be supplemented." (Countercl. Pl.'s Mem., Ex. 3 at 4–5, Ex. 4 at 8.) These responses fail to comply with the requirement that each interrogatory be answered "fully."

- Interrogatory No. 1 to both Calkins and Duchesse Farms states: "Identify all persons who have knowledge of the allegations asserted in the Pleadings in this action, and describe in detail what each person you identified knows relating to these allegations." (Countercl. Pl.'s Mem., Ex. 3 at 1, Ex. 4 at 1.) Calkins' and Duchesse Farms' identical answers identify a number of persons, but they do not describe at all,

much less in detail, what each of those persons knows regarding the allegations in the pleadings. (*Id.*, Ex. 3 at 2, Ex. 4 at 2.) Thus, these answers also fail to comply with the requirement that each interrogatory be answered "fully." Duchesse Farms' answers to Interrogatory Nos. 3, 6, and 10, and Calkins answers to Interrogatory Nos. 7, 9, and 16, are similarly only partially responsive.

- Interrogatory No. 3 to Duchesse Farms states: "Identify all funds transferred from David Calkins, Kay Calkins, Strategim Consultants, EBStor, and/or Pacel to Duchesse Farm [sic] since January 1, 2000, including in your answer the amount transferred, the form of such transfer, the purpose of the transfer, the date or dates on which the funds were transferred, and the identity of the person(s) from whom such funds were received." (*Id.*, Ex. 3 at 3.) Of the seven sentences comprising Duchesse Farms' supplemented answer, only the first is even partially responsive to the interrogatory, and nowhere does the answer give an amount, form, or date of any transfer. (*Id.*) Instead, Duchesse Farms states: "Attached are indexed lists of the documents currently held at the [Illinois] offices of [an attorney who represents David Calkins in another matter.] Due to the large volume of material, select which documents you wish to be copied and sent to you." (*Id.*) Moreover, Duchesse Farms does not dispute Pacel's assertion that the "indexed lists" comprise 92 pages. Although Rule 33(d) does permit a party to answer an interrogatory by producing business records, the answering party must "specify[] the records that must be reviewed . . . in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). "Crucial . . . is that the producing party have adequately and precisely specified for each

- 8 -

interrogatory, the actual documents where information will be found. Document dumps or vague references to documents do not suffice." *SEC v. Elfindepan*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (citations omitted). Clearly, a general reference to a 92-page list of documents, with no indication as to which of the documents, if any, contain answers to the interrogatory, does not "adequately and precisely specif[y] . . . the actual documents where information will be found" and therefore fails to comply with Rule 33(d). Duchesse Farms' answer to Interrogatory No. 6 and Calkins answers to Interrogatory Nos. 3, 4, 5, 7, 8, 9, 11, 12, 13, 14, and 18 likewise rely in whole or in part upon vague references to these documents or to other collections of unspecified documents.

- Request No. 26 to Calkins asks for "[a]ll documents relating to retention of Guy Stewart as counsel for Pacel." (Countercl. Pl.'s Mem., Ex. 4 at 17.) Calkins' only response to is: "This answer will be supplemented." (*Id.*) Clearly, this states neither "that inspection will be permitted," nor "an objection to the request." Fed. R. Civ. P. 34(b)(2)(B).

- Duchesse Farms' response to Request No. 29 and Calkins' responses to Request Nos. 2 and 20 state in whole or in part that "[d]ocuments relating to F. Kay Calkins are located in the offices of [an attorney representing Calkins in] Las Vegas, Nevada, are being compiled at this time, and have been promised to be delivered to the undersigned's possession on or before Wednesday, January 16, 2008."[2] (Countercl. Pl.'s Mem., Ex. 3 at 11–12, Ex. 4 at 10, 15.) As detailed more fully in Pacel's

---

[2] Calkins also relies on these documents in her answers to Interrogatory Nos. 5, 12, 13, 14, and 18. (Countercl. Pl.'s Mem., Ex. 4 at 3–4, 6–9.)

- 9 -

Memorandum, counsel for Calkins and Duchesse Farms had not received the documents when counsel for Pacel attempted to inspect them on January 24th, nor has Pacel received any further document production as of February 11th, the date Pacel filed its Renewed Motion. (*See* Countercl. Pl.'s Mem. 4–5.)

Despite the clarity and extent of their many failures to comply with both the discovery rules and the December order, Calkins and Duchesse Farms argue that "Pacel has provided no substantive detailed claims of a failure to provide discovery information. Their motion for default judgment merely claims 'gaps' in the Rule 33 and Rule 34 responses." (Countercl. Defs.' Obj. 2.) Yet what Calkins and Duchesse Farms have failed time and again to comprehend is that they do not have the right to leave "gaps" in their responses to discovery requests. They do not have the right to provide their responses after the deadline for doing so has passed. They do not have the right to ignore discovery requests simply because they find properly responding to be difficult or burdensome. And contrary to their arguments in their objection, they do not have the right to decide to whom Pacel should direct their discovery requests, nor to decide that they need only provide those discovery materials located within the geographic boundaries of the Fourth Circuit. (*See* Countercl. Defs.' Obj. 1–2 (arguing that "Pacel should be directing its discovery request . . . [to] counsel in the Nevada litigation," and that Calkins and Duchesse Farms "have provided to Pacel, **everything [emphasis added]**, [sic] that is presently available to [them] in this case, [sic] in the 4th Circuit").)[3]

---

[3] To the extent that these arguments might be liberally construed as objections that the requested discovery is not in Calkins' or Duchesse Farms' "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), they are without merit. First, they are untimely. Second, there is no geographic limitation inherent in the concept of "control." Third, "[l]egal ownership of the requested [items] is not determinative, nor is actual possession necessary if the party has control of the items. Control has been defined to include 'the legal right to obtain the documents requested upon demand.'" 7 Moore, *supra*, § 34.14[2][b] (citations omitted). "Documents turned over by a party to the party's attorney remain within the party's control. In addition, 'if an attorney comes into possession of a document as attorney for that party his [or her] possession of the documents is the possession of the party.'" *Id.* § 34.14[2][c]

Instead, Calkins and Duchesse Farms have the right—and more importantly, the obligation—to comply with the discovery rules and the Court's orders, just like any other litigant. Those rules provide numerous mechanisms for a party to obtain relief from an improper or unduly onerous discovery request, such as responding with a timely and specific objection, *see* Fed. R. Civ. P. 33(b)(3)–(4), 34(b)(2)(B)–(C), requesting an extension of the time for responding, *see* Fed. R. Civ. P. 6(b), 29(b), and moving for a protective order, *see* Fed. R. Civ. P. 26(c). Rather than make use of the permissible procedures, Calkins and Duchesse Farms have instead relied almost exclusively on impermissible methods of "self-help," such as delaying, stonewalling, and only partially complying. Having continued to pursue these tactics, ignoring my warning that "an evasive or incomplete disclosure, answer, or response . . . will be treated as a failure to disclose, answer, or respond," they now find themselves in violation of the Court's December 21, 2007 order "to provide Pacel Corporation with any and all past-due discovery materials, including Rule 26(a) disclosures, answers to Rule 33 interrogatories, and responses to Rule 34 requests, on or before January 11, 2008."

## B. The Wilson *Factors*

I must next decide whether to render default judgments against Calkins and Duchesse Farms for their noncompliance, as requested by Pacel's Renewed Motion. Due to the severity of such a sanction, the December order denied Pacel's initial motion for default judgment and instead gave all three Counterclaim Defendants a final opportunity to comply, warning them that "absent exceptional circumstances, any future failure to comply with their discovery obligations . . . will result in the entry of a default judgment against the non-complying

---

(citations omitted). Thus, documents held in the offices of Calkins' Nevada attorney, for example, are nevertheless within Calkins' control for purposes of Rule 34.

Counterclaim Defendant."[4] Rather than seize hold of this lifeline, Calkins and Duchesse Farms have unwisely chosen to put my warning to the test.

Courts have broad discretion to impose sanctions for abuses of the discovery process, and Rule 37 explicitly makes available the sanction of "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also* Fed. R. Civ. P. 37(c)(1)(C), (d)(3). In determining whether to impose a particular sanction, a court must consider the four *Wilson* factors: (1) whether the non-complying party acted in bad faith, (2) the prejudice suffered by the other party, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. *Wilson*, 561 F.2d at 503–05; *accord Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). I find that each of these factors weighs heavily in favor of rendering default judgments against Calkins and Duchesse Farms.

Regarding the first factor, the evidence of Calkins' and Duchesse Farms' bad faith is overwhelming. It begins with their months of total non-compliance with their discovery obligations despite numerous reminders by the Court and opposing counsel. If their obligations were unduly burdensome, they could have sought deadline extensions or other relief from Pacel or the Court, but instead, without any justification, they simply remained utterly silent. Indeed, as of the date of Pacel's Renewed Motion, which was more than five months after they were first due, Calkins and Duchesse Farms have still not provided their Rule 26(a) disclosures. And only on the day before the hearing on Pacel's initial motion for default judgment—some two months

---

[4] Fourth Circuit precedent strongly suggests that such a warning and opportunity to comply are prerequisites to rendering a default judgment under Rule 37. *See Hathcock v. Navistar Int'l. Transp. Corp.*, 53 F.3d 36, 40–41 (4th Cir. 1995) ("[A] party 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction." (quoting *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993))); *see also Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93–94 (4th Cir. 1989).

- 12 -

Case 3:07-cv-00025-NKM-BWC   Document 84   Filed 06/04/08   Page 12 of 16   Pageid#: 1303

after the deadline had passed—did Calkins and Duchesse Farms make even a grossly inadequate effort to respond to Pacel's discovery requests. Given one last opportunity to comply with their discovery obligations, they responded only with a slightly less inadequate effort. Indeed, as the examples previously set forth demonstrate, this is not a case of mere substantial compliance. The defects in Calkins' and Duchesse Farms' responses to Pacel's discovery requests are neither minor nor few and cannot reasonably be attributed to mere oversight or a mistaken but good faith belief that the responses complied with Rules 33 and Rule 34.

After providing their inadequate responses, Calkins and Duchesse Farms further demonstrated their bad faith by immediately resuming their former practice of stonewalling. They ignored Pacel's several attempts to confirm that the discovery materials from Nevada were available for review at the office of their attorney as promised, and when counsel for Pacel arrived at the scheduled time to conduct their review, neither the materials nor the attorney were there. (*See* Countercl. Pl.'s Mem. 4–5, Ex. 5–6.) Indeed, throughout the discovery process, Calkins' and Duchesse Farms' attitude has been one of cavalier indifference toward their obligations—it seems they simply cannot be bothered to make more than the most cursory efforts, and then only at the last minute and with the threat of sanctions looming.[5]

Turning to the second factor, the prejudice suffered by Pacel is substantial. At the time of the December 14, 2007 hearing, Pacel had already incurred $18,850 in reasonable fees and expenses as a result of Calkins' and Duchesse Farms' non-compliance (*see* Mem. Op. 5, Mar. 25,

---

[5] The most recent example of this indifferent attitude is Calkins' and Duchesse Farms' untimely objection to Pacel's Renewed Motion, the majority of which is merely cut-and-pasted from their February 27, 2008 objection to Pacel's verified accounting of its fees and expenses. (*Compare* Countercl. Defs.' Obj. 2–4, Mar. 4, 2008, *with* Countercl. Defs.' Obj. 2–3, Feb. 27, 2008.) Not only did much of this copied portion "ring hollow" and "miss[] the point" with regard to Pacel's fees and expenses (Mem. Op. 4 & n.5, Mar. 25, 2008), but it also has little or no relevance to the instant questions of whether they complied with the December 21st order and whether default judgment is the proper sanction. Indeed, despite being a complete non sequitur in the context of Pacel's Renewed Motion, Calkins and Duchesse Farms could not even be bothered to omit their conclusion that "the bulk of the expenses claimed by Pacel were unnecessary and should not be ordered to be paid by Counterclaim Defendants." (Countercl. Defs.' Obj. 4, Mar. 4, 2008.)

2008), and Pacel has undoubtedly incurred substantial additional expense since that time. Moreover, the deficiencies in Calkins' and Duchesse Farms' discovery responses have greatly hindered Pacel's ability to pursue its counterclaim, the crux of which is that "Duchesse Farm [sic] is the repository of the Calkins' ill-gotten gains from their years of financial chicanery at Pacel's expense." (Countercl. Pl.'s Mem. 5–6.) The material information that has been unjustifiably withheld includes, among other things, (1) the amount, form, and date of transfers from the Calkins and certain business entities to Duchesse Farms (*id.*); (2) the identities of third-parties who have paid money to Duchesse Farms from 2000 to the present (*id.* at 6–7); (3) the bases for the claimed affirmative defenses of "contract" and "waiver" (*id.* at 7, 9); and (4) the details of the alleged "legitimate remuneration" Calkins received from Pacel (*id.* at 9–10). Without such material evidence, Pacel cannot prove its case and has therefore suffered substantial prejudice as a result of Calkins' and Duchesse Farms' discovery abuses.

As to the third factor, the need for deterrence is great when litigants behave with such gross disregard for the rules of civil procedure, the Court's orders, and the rights of other parties. If litigants routinely followed the example set by the counterclaim defendants in this case, the civil justice system would be unable to function. The circumstances presented in this case are similar to those in *Mutual Federal Savings and Loan Ass'n*, and the Fourth Circuit's reasoning in that case regarding the need for deterrence is instructive:

> Even though the defendants may have made efforts to comply, the attempts were lastditch and only offered when it became crystal clear that they were going to lose the case unless they did something. In the context here, the things done did not add up to an adequate "something." Entrance of default judgment against the defendants now is . . . an unmistakable message to them and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future. To find otherwise would be to send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling.

*Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 94.

Regarding the fourth and final factor, Calkins' and Duchesse Farms' actions have made clear that a less drastic sanction than default judgment would not be effective in securing their compliance with their discovery obligations and this Court's orders. They were previously sanctioned monetarily by an award to Pacel of its reasonable attorney's fees and expenses and were given a final opportunity to remedy their non-compliance. Despite the clear and unequivocal warning that "absent exceptional circumstances, any future failure to comply with their discovery obligations . . . will result in the entry of a default judgment," Calkins and Duchesse Farms provided only grossly inadequate responses to Pacel's discovery requests and failed entirely to provide their initial disclosures. When combined with Calkins' and Duchesse Farms' general attitude of indifference toward their obligations in this action, the failures both of the Court's previous orders and of a monetary sanction to induce their compliance lead me to conclude that any sanction short of default judgment will be ineffective.

*C. Damages and Other Relief*

Ordinarily, when a party is entitled to a default judgment on a claim that, like Pacel's Counterclaim, is not for a sum certain, the court will hold a hearing to determine the amount of damages or other relief for which the defaulting party shall be held liable and then enter a final default judgment. *See* Fed R. Civ. P. 55(b)(2); 10 Moore, *supra*, § 55.32[2]. In this case, however, the process is complicated by the fact that Pacel's Renewed Motion seeks a default judgment against only two of the three Counterclaim Defendants, but its Counterclaim seeks joint and several relief against all three Counterclaim Defendants. (Countercl. 31–32.) To at this time determine the amount of damages and enter final default judgment against Kay Calkins and

Duchesse Farms would raise the possibility of there ultimately being inconsistent judgments between Kay Calkins and Duchesse Farms on the one hand, and David Calkins on the other. *See U.S. ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); 10 Moore, *supra*, § 55.36[4]. Accordingly, I will render default judgments against Kay Calkins and Duchesse Farms as to their liability only, holding in abeyance the determination of damages and the entry of final default judgment until the question of David Calkins' liability has been resolved.[6]

### III. CONCLUSION

Counterclaim Defendants F. Kay Calkins and Duchesse Farms, LLC have failed to comply with the Court's December 21, 2007 order, which was entered pursuant to Rule 37(a). Furthermore, the four *Wilson* factors weigh heavily in favor of sanctioning them for this failure by rendering default judgments against them. Therefore, pursuant to Rule 37(b)(2)(A)(vi), I will grant Counterclaim Plaintiff Pacel Corporation's Renewed Motion for Default Judgment and will render default judgments against Calkins and Duchesse Farms as to their liability. To avoid the possibility of inconsistent judgments, however, I will hold in abeyance the determination of damages and the entry of final default judgment until the question of David Calkins' liability has been resolved. An appropriate Order will follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 4th day of June, 2008.

                                                 NORMAN K. MOON
                                                 UNITED STATES DISTRICT JUDGE

---

[6] Presumably, if David Calkins is found to be liable, then the damages for all of the Counterclaim Defendants will be determined at the same time. *See* 10 Moore, *supra*, § 55.36[4].