CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 31 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS, | CASE NO. 3:07CV00025 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PACEL CORPORATION, | |
| | By: B. WAUGH CRIGLER |
| Defendant, | U.S. MAGISTRATE JUDGE |
| v. | |
| PACEL CORPORATION, | |
| Counterclaim Plaintiff, | |
| v. | |
| DAVID E. CALKINS, F. KAY CALKINS, AND DUCHESSE FARMS, LLC, | |
| Counterclaim Defendants. | |

This action is before the undersigned to determine the reasonableness, apportionment and deadline for payment of fees and expenses incurred by defendant and counterclaim plaintiff Pacel Corporation ("Pacel"), as set forth in its Second Verified Accounting For Expenses and Attorneys Fees ("Second Accounting") filed on July 1, 2008. The Second Accounting was filed in accordance with a Memorandum Opinion and Order entered by the presiding District Judge on June 4, 2008, which granted Pacel's renewed motion for default judgment against counterclaim defendants F. Kay Calkins and Duchesse Farms, LLC and awarded reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37, for their ongoing failure to comply with their discovery obligations and the court's orders.

On July 15, 2008, counterclaim defendants F. Kay Calkins and Duchesse Farms, LLC (collectively self-identified as "CCDs") filed their Objection to Pacel's Second Accounting ("CCDs' Objection"). (Dkt. No. 97.) The CCDs object to the Second Accounting on the basis that it claims costs beyond those related to deficiencies in the CCDs' December 13, 2007 discovery responses. Second, the CCDs assert they were denied their Due Process rights to a hearing before the court awarded fees and expenses, and they demand the production of evidence to support Pacel's allegation that there were "wide gaps." Third, the CCDs object to the court's acceptance of any "un-verified (sic) allegations" of Pacel, and they note their "appeal" of the presiding District Judge's June 4, 2008 entry of default judgment.[1] Finally, they object to the abuse of the Court's discretion in its continued rulings against the CCDs without affording them an opportunity to be heard. In summary, the CCDs take the position that no fees or costs incurred after December 13, 2007 were covered or approved by the presiding District Judge's December 21, 2008 Order, and that an award of fees and costs after that date constitutes a new claim on which they are entitled to a hearing before an assessment is made. The CCDs threaten further appeal to the Court of Appeals, in their own words, "if necessary." (Dkt. No. 97, p. 4.)

For the reasons set forth below, an Order will enter AWARDING Pacel's attorney's fees and expenses in the amount of $18,150.00, to be paid forthwith as sanctions under Rule 37. The Order will provide that, should the CCDs and their counsel fail to resolve among themselves the question of apportionment, they are to appear before the undersigned on August 13, 2008 at 9:30

---

[1] At the time the CCDs filed their Objection to the Second Accounting, their June 16, 2008 motion to reconsider the court's June 4, 2008 Order granting Pacel's renewed motion for default judgment was pending before the presiding District Judge. (Dkt. No. 87.)

2

a.m. to be examined in order to determine whether, and to what extent, the sanctions should be apportioned.

## DISCOVERY SANCTIONS AND THE AWARD OF ATTORNEY'S FEES

The undersigned need not dwell on the procedural and substantive history of this case, as both are amply set forth in the presiding District Judge's July 22, 2008 Memorandum Opinion. (Dkt. No. 100.) In that Memorandum Opinion, the presiding District Judge, *inter alia*, denied the CCDs' motion to reconsider the entry of default judgment against them. Suffice it to say that the CCDs' objections to the Second Accounting, when distilled, are that any claim for fees and expenses incurred beyond December 13, 2007 cannot be recovered without further evidentiary proceedings to test their validity because they never have been "covered or approved" by the court. (Dkt. No. 97, p. 3.) Once more, the CCDs and their counsel have chosen to interpret their position in a manner which ignores reality, stonewalls the opposition, and disregards, if not disrespects, the court's decisions.

The court's June 4, 2008 Memorandum Opinion states that the gravamen of the renewed motion for default judgment filed by Pacel was the CCDs' "ongoing failures to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure and this Court's orders." (Dkt. No. 84, p. 1.) The Memorandum Opinion details the CCDs' numerous discovery violations, notes the clarity and extent of their failures to comply, and observes that the CCDs "relied almost exclusively" on impermissible methods to delay, stonewall, or only partially comply with discovery. (*Id.* at p. 11.) More than that, the presiding District Judge found that the CCDs had ignored his warnings about engaging in such litigation tactics, as well as his direction to provide discovery responses, disclosures and materials by January 11, 2008. (*Id.*)

3

The court then weighed the CCDs' conduct in light of the factors set forth in *Wilson v. Volkswagen of America*, 561 F. 2d 494, 503-05 (4th Cir. 1977), and found their conduct wanting. (*Id.* at pp. 11-15.) He made the following findings: a) the CCDs' conduct could not be considered attributable to a mistake or good faith belief they had complied with Fed. R. Civ. P. 33 and 34; b) Pacel had suffered substantial prejudice; c) there was a great need to deter litigation behavior such as that exhibited by the CCDs; and d) any sanction short of default judgment would be ineffective. (*Id.* at pp. 12-15.) In addition to granting Pacel's renewed motion for default judgment against the CCDs, the court imposed an award of attorney's fees and expenses as sanctions. (Dkt. No. 85, pp. 1-2, n.1.) Pacel was directed to file a statement of its attorney's fees and expenses, and all matters relating to amount, apportionment, and reasonableness of the sanctions thereof to be paid by F. Kay Calkins and Duchesse Farms, LLC and/or their counsel, and a deadline for the payment thereof, were referred to the undersigned. (*Id.*)

On June 16, 2008, the CCDs moved the court to reconsider the entry of default judgment. (Dkt. No. 87.) On July 22, 2008, after carefully considering many of the same arguments asserted here, the court denied the motion to reconsider, finding the CCDs' "proffered excuses too little and too late." (Dkt. No. 100, p. 7.) The undersigned cannot improve on the District Judge's summary of the CCDs' conduct. Clearly, there was disobedience to both the requirements of the Rules of Civil Procedure and the court's orders which compelled the imposition of sanctions in the form of reasonable expenses, including attorney's fees. The CCDs' Objection filed in opposition to the Second Accounting hereby is OVERRULED.

**AMOUNT OF FEES**

As to the amount of fees to be awarded, the undersigned first notes that the Second

Accounting covers the time period from December 31, 2007 through February 20, 2008. (Dkt. No. 91, pp. 7-11.) The Invoice attached to the Second Accounting reflects that Pacel's counsel is seeking attorney's fees in the amount of $23,262.00[2] for 72.6 hours of work, which they argue is directly attributable to the CCDs' failure to comply with the court's December 21, 2007 Order. (*Id.* at p. 3.)

The hourly rates charged by Pacel's counsel ranges from $215 to $395. (*Id.* at pp. 7-11.) Recently, courts in this district have found $250 to be a reasonable hourly rate. *See Travis v. Prime Lending*, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008); *Duncan v. GE Consumer Finance, Inc.*, 2007 WL 3275152, at *2 (W.D. Va. November 5, 2007); *Miller v. Pilgrim's Pride Corp.*, 2007 WL 2570219, at *8 (W.D. Va. August 31, 2007). The average of rates charged by Pacel's counsel is $288.00. This represents a substantial discount off the highest rate, but not a substantial enhancement of the lowest rate charged. However, the undersigned is inclined to believe that an across-the-board hourly rate of $250 is more consistent with the decisional authorities and will be employed as the rate applicable in this matter. The undersigned hereby awards Pacel's counsel fees for 72.6 hours of work at the hourly rate of $250, or $18,150.00.

## DEADLINE FOR PAYMENT AND APPORTIONMENT

Pacel, or its counsel, should be entitled to an immediately executable order awarding these attorney's fees. The undersigned believes that a significant purpose of Rule 37(b)(2)(C) is to ensure that a party whose discovery efforts were frustrated by disobedience to the discovery rules and court orders, are not financially harmed during the pendency of the case by the expense

---

[2]Pacel's counsel has submitted an itemization of attorney's fees, but the Second Accounting does not include any claimed expenses. (Dkt. No. 91.)

5

of counsel fees incurred in remedying the disobedience. As prescribed by Fed. R. Civ. P. 37, the monetary sanction was imposed in addition to other sanctions imposed by the presiding District Judge. The undersigned believes there comes a time in the process where requiring a party to wait to collect from the offender, its out-of-pocket expenses, seriously prejudices the party. After all, a court "**must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure" to conduct discovery. Fed. R. Civ. P. 37(b)(2)(c) (emphasis added). Such an award would have little effect unless the order were immediately executable and subject to the contempt powers of the court. *See* Fed. R. Civ. P. 37((b)(2)(A)(vii) (courts may treat failures to obey Rule 37 sanction orders as contempt of court); *Dendinger v. First Nat. Corp.*, 1992 WL 21742, 21747 (E.D. La. Jan. 23, 1992)(UP) (providing for immediate execution on monetary sanctions). The only reason to provide any delay in the execution of the Order which follows is to allow time for the CCDs and their counsel to reach an agreement between themselves relating to payment of the award which would avoid conflict.

Apportionment of any fees between the CCDs and/or their counsel, presents more of a difficult task for the undersigned. While the presiding District Judge clearly directed his findings and comments about disobedient conduct to the CCDs, themselves, the court's Order of reference raises a question as to whether the conduct of counsel for the CCDs would require him to bear some of the sanction burden. That could be determined upon agreement between the CCDs and their counsel, which would have the effect of avoiding potential conflict between them. The only alternative would be for the undersigned to conduct a hearing in which the CCDs would be required to show cause why they should not be required to forthwith pay the fees

6

awarded for the conduct that the presiding District Judge attributed to them.

Accordingly, an executable Order will enter awarding Pacel and its counsel the sum of $18,150.00, provided, however, that execution will be stayed until either Pacel, through its counsel, receives the sum awarded or August 13, 2008, whichever is first to occur. The Order will further provide that, in the event the fees here awarded are not tendered in full to Pacel's counsel by August 13, 2008, F. Kay Calkins, Duchesse Farms, LLC and Roy Bradley, Esq. will be DIRECTED to appear before the undersigned at 9:30 a.m. in the United States District Court, 255 West Main Street, Room 326, Charlottesville, Virginia 22902 to show cause, if any they may have, to delay execution or apportionment of the fees

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States Magistrate Judge

7-31-08
Date