```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                         AT CHARLOTTESVILLE, VA
                                                                  FILED
                                                            DEC 12 2008
                                                         JOHN F. CORCORAN, CLERK
                                                         BY: /s/ DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID E. CALKINS,<br><br>                              *Plaintiff,*<br><br>v.<br><br>PACEL CORPORATION,<br><br>                            *Defendant.* | CIVIL NO. 3:07CV00025<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Calkins' Motion for Summary Judgment (docket no. 129). For the reasons that follow, I will GRANT partial summary judgment in Calkins' favor while reserving judgment on the issue of damages.

## I. BACKGROUND

David Calkins is a founder and former officer and director of Pacel Corporation ("Pacel"), a publicly traded company that specializes in various aspects of personnel management and administration. On July 1, 2005, Calkins resigned as officer and director but was retained as a consultant to the Board of Directors pursuant to a written contract (the "2005 Termination Agreement"). Under the terms of the 2005 Termination Agreement, Calkins was re-hired with the official title "Chairman of the Board (retired)" and was to receive an annual salary of $138,000. Pacel agreed, among other things, to continue payment towards Calkins' $1.1 million retirement insurance program, provide severance payments under certain circumstances, and indemnify Calkins from liability and expenses associated then-pending criminal and civil actions brought against him by the U.S. Securities and Exchange Commission ("SEC"). By its

terms, the 2005 Termination Agreement vitiated Calkins' previous employment contract with Pacel, which was signed on September 9, 2004 (the "2004 Employment Agreement").

On December 21, 2006, Pacel unilaterally terminated the 2005 Termination Agreement and ceased making payments to Calkins. Calkins sued, alleging breach of contract and tortious interference with contract by the directors and officers of Pacel who made the decision to terminate him (docket no. 1). He also moved for a preliminary injunction ordering Pacel to resume payments under the 2005 Termination Agreement. Upon Pacel's motion, the Court dismissed Calkins' tortious interference claim and denied his motion for a preliminary injunction (docket no. 38).

Calkins now moves for summary judgment on the breach of contract issue. While Calkins originally sought relief in his Complaint for breach of the 2005 Termination Agreement, he now claims he is entitled to relief under the terms of the 2004 Employment Agreement as a matter of law. He argues that the 2005 Termination Agreement, which by its terms expressly vitiated the 2004 Employment Agreement, was never effective because it was not approved by the shareholders and not signed by Gary Musselman, the President and Chief Executive Officer of Pacel. Therefore, Calkins claims that the 2004 Employment Agreement, which received shareholder approval, remains in effect.

Pacel failed to respond to Calkins' Motion for Summary Judgment and is no longer represented by counsel in this matter. On July 31, 2008, Pacel's former counsel was given permission to withdraw by U.S. Magistrate Judge B. Waugh Crigler (docket no. 107). Pacel was ordered to secure the entry of substitute counsel by August 15, 2008 but failed to do so.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., id.* at 248–50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir.1999).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

A court should grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

3

trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

A defendant's failure to respond to a motion for summary judgment "does not fulfill the burdens imposed on moving parties by Rule 56." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). The moving party must still show that the undisputed facts entitle it to judgment as a matter of law. *Id.* Thus, a court has a duty to "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*; *see also* Fed. R. Civ. P. 56(e)(2) ("if the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

### III. DISCUSSION

In his Complaint, Calkins claimed that he was entitled to relief for Pacel's breach of the 2005 Termination Agreement. But he now seeks relief for Pacel's breach of the 2004 Employment Agreement, claiming there is no genuine dispute that the 2004 Employment Agreement remained in effect because the 2005 Termination Agreement was never valid. To support this claim, Calkins cites the statements of Musselman in two different affidavits that were taken in 2007. He also attaches several of Pacel's communications and filings with the SEC to his Motion. These materials, however, show that there is no genuine dispute that the 2005 Termination Agreement, not the 2004 Employment Agreement, was effective in December 2006. Because there is also no genuine dispute that the 2005 Termination Agreement was breached in December 2006 when Calkins was terminated, Calkins is entitled to relief under the terms of the 2005 Termination Agreement as a matter of law.

### A. THE 2005 TERMINATION AGREEMENT WAS VALID IN DECEMBER 2006

4

The evidence in the record shows that there is no genuine dispute that the 2005 Termination Agreement was effective between July 2005 and December 2006, when Calkins was terminated. Musselman's July 10, 2007 Affidavit, for example, states that in December 2006, Pacel notified Calkins that it would no longer honor the 2005 Termination Agreement. If the 2005 Termination Agreement was dated July 1, 2005 and Pacel informed Calkins that it would not honor the agreement in December 2006, then one can only conclude that the 2005 Termination Agreement—not the 2004 Employment Agreement—was in effect between July 2005 and December 2006.

Musselman's statements in an annual report filed with the SEC (Form 10-KSB) on April 13, 2006 also indicate that the 2005 Termination Agreement was operative between July 2005 and December 2006. In the report, Musselman twice stated:

> In July 2005 [Pacel] renegotiated David E. Calkins' September 2004, employment agreement. The new employment agreement is for five years, has an annual salary of $138,012 and requires the company to continue to fund the Variable Flexible Premium Universal Life Policy and to pay legal expenses for actions which occurred while Mr. Calkins was an officer of the Company. Mr. Calkins is no longer an Officer or Director of the Company.

In other portions of the report, Musselman acknowledges that Calkins salary was $138,000 and that Pacel was paying Calkins' legal bills to the law firm of Hinshaw & Culbert. Musselman's characterizations of Calkins' employment contract in the April 2006 report to the SEC are thus completely consistent with the terms of the 2005 Termination Agreement, which was negotiated in July 2005, provided for a salary of $138,000, and arranged for the payment of Calkins' legal bills. Furthermore, Musselman certified to the SEC that the April 2006 report fairly represented, "in all material respects, the financial condition and results of operations of [Pacel]," and did "not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made." Given the statements in the April 2006 SEC report, Musselman's July 10, 2007 Affidavit, and Plaintiff's original claims as set forth in the Complaint, there is no

5

Case 3:07-cv-00025-NKM-BWC   Document 133   Filed 12/12/08   Page 5 of 6   Pageid#: 1935

genuine dispute concerning the validity of the 2005 Termination Agreement between July 2005 and December 2006.

### B. THE 2005 TERMINATION AGREEMENT WAS BREACHED IN DECEMBER 2006

In his July 10, 2007 affidavit, Musselman clearly stated that in December 2006, Pacel notified Calkins that it would no longer honor the 2005 Termination Agreement. Because the 2005 Termination Agreement expressly "vitiated" the 2004 Employment Agreement, Pacel's decision to no longer honor the 2005 Termination Agreement was a breach of that agreement and could not have put the 2004 Employment Agreement back in place. Because Pacel has failed to marshal any evidence to the contrary, there can be no genuine dispute that the 2005 Termination Agreement was breached in December 2006. Accordingly, Calkins is entitled to relief for breach of contract under the terms of 2005 Termination Agreement as a matter of law.

### IV. CONCLUSION

Because there is no genuine dispute that the 2005 Termination Agreement was breached by Pacel, I will GRANT partial summary judgment in Calkins' favor, entitling him to relief under the terms of the 2005 Termination Agreement. However, I will reserve judgment on the issue of damages until Calkins specifically sets forth the amount owed to him in a motion supported by affidavits and Pacel is given an opportunity to respond. An appropriate Order will follow. The Clerk of Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Pacel.

Entered this 12th day of December, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE