CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 17 2009

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DAVID E. CALKINS, | ) | CASE NO. 3:07CV00025 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| PACEL CORPORATION, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant, | ) | U.S. MAGISTRATE JUDGE |
| v. | ) | |
| PACEL CORPORATION, | ) | |
| Counterclaim Plaintiff, | ) | |
| v. | ) | |
| DAVID E. CALKINS, | ) | |
| F. KAY CALKINS, AND | ) | |
| DUCHESSE FARMS, LLC, | ) | |
| Counterclaim Defendants. | ) | |

This action is before the undersigned to apportion $18,850.00 in fees awarded by the court in sanctions in accordance with a Memorandum Opinion and Order entered on March 25, 2008. (Dkt. Nos. 80, 81.) For the reasons set forth below, that portion of Hirschler Fleischer P.C.'s May 27, 2009 motion seeking an apportionment of the March 25, 2008 sanctions award will be DENIED.

**PROCEDURAL BACKGROUND**

This is another in a long line of diverse motions in a case with a rather tortuous procedural history; some historical background is necessary in order to set the context for disposing of the motion now before the undersigned.

On October 31, 2007, defendant and counterclaim plaintiff Pacel Corporation ("Pacel") filed a Rule 37 Motion For Default Judgment, Motion To Compel, And Other Rule 37 Sanctions. (Dkt. No. 57.) The motion sought court intervention to require David E. Calkins, F. Kay Calkins, and Duchesse Farms, LLC (collectively "counterclaim defendants") to provide responses to Rule 33 interrogatories and responses to Rule 34 discovery requests and for sanctions against the counterclaim defendants for failing to provide timely responses and Rule 26(a) initial disclosures. The motion further sought an award of default judgment against counterclaim defendants Kay Calkins and Duchesse Farms.

On December 21, 2007, the presiding District Judge entered an Order requiring the counterclaim defendants to provide Pacel with any and all past-due discovery materials on or before January 11, 2008. (Dkt. No. 67.) The presiding District Judge found that Pacel was entitled to recover its reasonable expenses, including attorney's fees, caused by the counterclaim defendants' failure to comply with their discovery obligations. (*Id.* at p. 2.)[1] Pacel was directed to submit an accounting of expenses and attorney's fees attributable to the counterclaim defendants' failure to comply with their discovery obligations. (*Id.*) This Order never has been appealed or otherwise modified.

On January 11, 2008, Pacel submitted a Verified Accounting of its attorney's fees in the amount of $23,498.60.[2] (Dkt. No. 68.) In accordance with an Order entered on February 15, 2008, under authority of 28 U.S.C. § 636(b)(1)(A), the counterclaim defendants each filed

---

[1] It is to be noted that the award of sanctions was against all counterclaim defendants, including David E. Calkins, the original sole plaintiff.

[2] Pacel did not claim any expenses apart from counsel fees.

2

Objections to the reasonableness of the Verified Accounting. (Dkt. Nos. 75-77.) On March 25, 2008, the undersigned evaluated the Verified Accounting, and the objections thereto, and concluded that Pacel[3] was entitled to attorney's fees in the amount of $18,850. (Dkt. Nos. 80, 81.) The undersigned reserved the issue of apportionment of these fees "among the counterclaim defendants or their counsel or both" until after the merits of the case were decided.

In the meantime, on February 11, 2008, Pacel filed a renewed motion for default judgment against counterclaim defendants F. Kay Calkins and Duchesse Farms. (Dkt. No. 73.) In accordance with a Memorandum Opinion, the presiding District Judge entered an Order on June 4, 2008 granting the motion as to liability. (Dkt. Nos. 84, 85.) The court found that Pacel was entitled to recover reasonable attorney's fees and expenses for the failure of Kay Calkins and Duchesse Farms to comply with the court's December 21, 2007 discovery Order. (Dkt. No. 85.) Pacel was directed to submit a verified accounting, and the matter was referred to the undersigned to determine the amount and the deadline for payment as a "nondispositive pretrial" issue. (Dkt. No. 85, n.1.) On July 1, 2008, Pacel filed a Second Verified Accounting of its fees and expenses pursuant to the June 4, 2008 Order. (Dkt. No. 91.) F. Kay Calkins and Duchesse Farms filed Objections to the Second Verified Accounting. (Dkt. No. 97.)

On June 2, 2008, the law firm of Hirschler Fleischer, P.C. ("Hirschler Fleischer") moved to withdraw as counsel of record for Pacel. (R. 82.) The undersigned denied the motion without prejudice to renew. (R. 86.) On July 11, 2008, Hirschler Fleischer renewed its motion to withdraw as counsel of record for Pacel. (Dkt. No. 93.) On July 31, 2008, that motion was

---

[3]On August 28, 2008, the Order was amended to reflect that Pacel's counsel, Hirschler Fleischer, was to recover the $18,850 in sanctions. (Dkt. No. 115.)

granted.[4] (Dkt. No. 107.)

During this same period, on June 16, 2008, counterclaim defendants F. Kay Calkins and Duchesse Farms filed a motion to reconsider the court's entry of default judgment against them. (Dkt. No. 87.) Upon consideration of the motion and the responses thereto the presiding District Judge denied the motion for reconsideration. (Dkt. No. 101.)

Kay Calkins and Duchesse Farms also filed a motion for a Rule 26 protective order and a motion for leave to file discovery. (Dkt. Nos. 95, 103.) In accordance with a Memorandum Opinion of even date, on July 31, 2008, the undersigned entered an immediately executable order awarding attorney's fees against Kay Calkins and Duchesse Farms in favor of Hirschler Fleischer, counsel for Pacel, in the amount of $18,150. (Dkt. No. 106.) The undersigned delayed apportionment pending a hoped-for voluntary tender of the fees and expenses awarded. No payment having been so made, on August 13, 2008, the undersigned held a show cause hearing to address apportionment of the fees ordered on July 31, 2008. Counterclaim defendant Kay Calkins failed to appear, and the hearing was rescheduled for September 15, 2008.

On August 28, 2008, Hirschler Fleischer moved to amend the undersigned's Order awarding sanctions, which the undersigned granted. (Dkt. No. 114, 115.) Thereafter, but before the time set for the undersigned to apportion the fees and expenses, Kay Calkins, Duchesse Farms and Roy Bradley, Esq. reached an agreement related to the apportionment of the fees and expenses of which the undersigned was informed at the hearing on September 15, 2008. On September 19, 2008, the undersigned entered an Order apportioning the $18,150 according to the

---

[4]Pacel was given until August 15, 2008 to find substitute counsel. (Dkt. No. 107.) No substitute counsel entered an appearance.

4

announced agreement as follows: $12,100 against F. Kay Calkins and $6,050 against her counsel, Roy Bradley. (Dkt. No. 120.)

In the meantime, and on August 12, 2008, Kay Calkins and Duchesse Farms filed a notice of appeal of the undersigned's July 31, 2008 Order relating to the $18,150 award of sanctions to the Fourth Circuit Court of Appeals. (Dkt. No. 109.) The appeal subsequently was dismissed in accordance with the court's Memorandum Opinion and Judgment of May 11, 2009. (Dkt. Nos. 172, 173.) The Court of Appeals determined that it was without appellate jurisdiction for lack of a final or otherwise appealable order.

The main case proceeded onward, with Pacel ceasing participation in and prosecution of its case after the withdrawal of counsel. On November 11, 2008, plaintiff David Calkins moved for summary judgment against Pacel for the alleged breach of contract and damages. (Dkt. No. 129.) In accordance with a Memorandum Opinion and Order entered on December 12, 2008, the presiding District Judge granted partial summary judgment to David Calkins, reserving judgment on the issue of damages. (Dkt. Nos. 133, 134.)

On January 15, 2009, Kay Calkins and Duchesse Farms moved for summary judgment on the counterclaim. (Dkt. Nos. 137-138.) On March 13, 2009, the presiding District Judge entered an Order again granting David Calkin's motion for summary judgment and entering judgment in his favor against Pacel in the amount of $1,245,468.23. (Dkt. No. 163.) The presiding District Judge dismissed Pacel's counterclaims for failure to prosecute, denied as moot Kay Calkins' and Duchesses Farms' motion for summary judgment, and terminated the case from the docket. (Dkt. Nos. 163, 164.)

Once more in the meantime, and on February 9, 2009, Roy Bradley, Esq. moved to

withdraw as counsel of record for Kay Calkins and Duchesse Farms. (Dkt. No. 145.) The motion was granted without opposition, and Michael R. Zervas, Esq. made an appearance on their behalf. (Dkt. No. 148.)

On May 27, 2009, Hirschler Fleischer filed a motion with a supporting brief seeking an Order adopting the undersigned's September 19, 2008 Order (Dkt. No. 120) and apportioning the March 25, 2008 award of sanctions (Dkt. No. 81). (Dkt. No. 174, 175.) The undersigned entered an Order allowing counterclaim defendants F. Kay Calkins and Duchesse Farms, LLC and their counsel a fixed period within which to file a response. (Dkt. No. 176.) F. Kay Calkins, on her own and as the legal representative for Duchesse Farms, and Roy Bradley, Esq. filed a response on June 11, 2009 styled "Motion For Summary Judgment Against Hirschler Fleischer's Motion To Apportion Sanctions," with a supporting brief. (Dkt. No. 178-179.)

**DISCUSSION, FINDINGS AND CONCLUSIONS**

Hirschler Fleischer's current motion seeks entry of an Order by the presiding District Judge adopting the undersigned's order of September 19, 2008 (Dkt. No. 120) and further apportioning the $18,850 in reasonable attorney's fees and expenses set forth in the undersigned's March 25, 2008 Order (Dkt. No. 81). Hirschler Fleischer asks that the court apportion the sums awarded under the earlier determination only between F. Kay Calkins, one of the counterclaim defendants against whom the presiding District Judge imposed sanctions on December 21, 2007, and her then counsel of record, Roy Bradley, Esq. Whether by inadvertence or intention, the current motion fails to reckon with the fact that the sanctions which Hirschler Fleischer seeks to apportion were those awarded by the presiding District Judge and fixed by the undersigned against *all* counterclaim defendants "and/or their attorneys," who at that time were

6

Franklin B. Reynolds, Jr., Esq. and Roy Bradley, Esq.[5] Thus, on its face, Hirschler Fleischer is asking the court to shift the burden of satisfying the sanctions award solely to Kay Calkins and her attorney, Roy Bradley, something the District Judge's sanctions order does not specifically direct.

In what they have styled a "Motion For Summary Judgment," Kay Calkins and Roy Bradley first argue that the undersigned lacks jurisdiction to apportion the first sanctions award. This argument is without merit.

It is beyond peradventure that district courts have the authority to impose monetary sanctions, including reasonable expenses and attorney's fees, against a disobedient party, counsel or both, as the circumstances of the case justify.[6] In this case, the presiding District Judge

---

[5] F. Kay Calkins, Duchesse Farms and Roy Bradley, Esq. are now being the represented by David Calkins' former counsel, Franklin Reynolds, Jr.

[6] Federal Rule of Civil Procedure 37(b) provides for remedies to a party when there has been failures to conduct discovery or to comply with orders compelling discovery, in pertinent part as follows:

> **(b) Failure to Comply with a Court Order.**
>
> **(2)** *Sanctions in the District Where the Action Is Pending.*
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or

7

determined on December 21, 2007 that monetary sanctions in the form of Pacel's expenses and counsel fees should be imposed due to the counterclaim defendants' "failure to comply with their discovery obligations . . . to the extent that those expenses are reasonable." (Dkt. No. 67, p. 2.)[7]

In his initial pretrial Order, the District Judge exercised his authority under 28 U.S.C. § 636(B)(1)(A) to refer all non-dispositive pretrial matters to the undersigned, and in accord with that authority, he requested that the undersigned determine the reasonableness of the amounts sought as attorney's fees and expenses and apportion such sanctions for payment thereof. In the March 25, 2008 Memorandum Opinion and Order, the undersigned determined that $18,850 of the $23,498.60 claimed in attorney's fees was reasonable, but any apportionment among the offending parties was deferred given the early stage of the proceedings. (Dkt. Nos. 80, 81.)[8] No party objected to the undersigned's determination within the period allowed by Fed. R. Civ. P.

---

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
**(B)** *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
**(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

[7]On January 11, 2008, the court filed a Memorandum Opinion setting forth the rationale for the December 21, 2007 Order. (Dkt. No. 69)

[8]At that time, there were realistic prospects that the disputes between the parties could be settled.

72(a).[9] By that same authority, the undersigned possesses jurisdiction to determine the propriety of that portion of the current motion seeking apportionment.

A number of other objections are raised in the opposition to Hirschler Fleischer's current motion. However, they need not be addressed at this juncture for at least two reasons. First, not one iota of evidence has been introduced that the counterclaim defendants' counsel should bear any of the award. The main thrust of Rule 37(b)(2) sanctions is directed to the offending party. While the presiding District Judge found the counterclaim defendants subject to sanctions, there is nothing before the undersigned which would lead the court to believe these parties were counseled into disobedience. In fact, counsel was made subject to the second sanctions award only because his essential apathy and complacency about discovery compliance led the undersigned to conclude he was complicity in it. Again, no evidence of that sort has been presented in relation to the first sanction order.

Second, Hirschler Fleischer essentially is seeking to impose the entire pain of sanctions against only one of the counterclaim defendants, Kay Calkins, and her counsel, without a showing that they should be the ones to bear the brunt of it all. Contextually, this comes at a point when the presiding District Judge has awarded substantial sums in favor of David Calkins against Pacel, the movant's former client. Frankly, there is more than a hint of unfairness about such a move. After all, if successful, the movant avoids being entangled in issues relating to set-off and its client's liability to one of the counterclaim defendants. More than that, at its core,

---

[9]Calkins and Bradley have not offered any basis for a challenge to the undersigned's authority to enter the first Order under 28 U.S.C. § 636(b)(1)(A); nor have they offered any reason for by-passing the requirements of Rule 72(a). It is clear from the decision by the Court of Appeals to dismiss these parties' appeal of the undersigned's second Order that any Magistrate Judge's decision relating to discovery sanctions is interlocutory and not appealable.

Rule 37 is designed to make fair that which has gotten out of whack in the litigation process.

The undersigned has serious reservations about whether the presiding District Judge's award of sanctions contemplated the kind of apportionment Hirschler Fleischer now seeks. The evidence certainly cannot support imposition of the fees and costs proportionally against Mr. Bradley, nor can it justify entry of an order compelling Kay Calkins to bear it.

For the reasons set forth above, and finding it unnecessary to address the balance of objections, that portion of Hirschler Fleischer's May 27, 2009 motion seeking apportionment of the March 25, 2008 sanctions order between F. Kay Calkins and Roy F. Bradley, Esq. hereby is DENIED.[10]

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/
United States Magistrate Judge

7/17/09
Date

---

[10] The balance of the motion is for the presiding District Judge to decide.